IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**BARRY WADE PATTERSON**                                                 **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 1:21-CV-17-DAS**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**OF THE SOCIAL SECURITY ADMINISTRATION**                     **DEFENDANT**

## FINAL JUDGMENT

Plaintiff Barry Wade Patterson filed a Complaint for Judicial Review of Social Security Decision of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability and disability insurance benefits. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 17. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that the Commissioner's decision should be affirmed.

## FACTS

The plaintiff filed for benefits on January 22, 2019, alleging onset of disability commencing on December 31, 2016. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on April 27, 2020. The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined the claimant had the following severe impairments: disorder of the back, commuted calcaneus fracture of left ankle (status post ORIF), and disorder of left knee. The ALJ found he retained the residual functional capacity (RFC) to perform light work with the ability to lift/carry and push/pull twenty pounds occasionally and ten pounds frequently. He can

stand/walk and sit for six hours in an eight-hour workday. He can alternate between sitting and standing every hour while remaining on task (standing and sitting in 1-hour increments). He can occasionally operate foot controls with the left lower extremity. He can occasionally stoop, kneel, crouch, crawl, and balance. He should avoid all exposure to unprotected heights or dangerous moving machinery.

While the plaintiff cannot perform any of his past relevant work, the ALJ found, based on the testimony of the vocational expert, that there were other jobs in the national economy that would fit within his RFC. For example, the ALJ found he can work as a merchandise marker, a routing clerk, and a mail sorter. Each of these jobs are unskilled and performed at the light level of exertion. These three jobs represent 267,000, 120,000, 48,000 jobs respectively in the national economy.

## ANALYSIS

The plaintiff asserts the ALJ erred in finding the state agency physicians' opinions persuasive when they did not have the benefit of evidence material to the determination of the plaintiff's claim. In February 2019, at the initial level, state agency physician Dr. Carol Kossman found the plaintiff's only medically determinable impairment to be his disorder of the back, which Dr. Kossman found severe. Dr. Kossman limited the plaintiff to work at the light exertional level, including the ability to stand and/or walk and sit for six hours in an eight-hour workday, with additional postural and hazard limitations. In May 2019, Dr. Madena Gibson affirmed the initial determination. The ALJ found Dr. Kossman's opinion persuasive stating, "it is based upon and consistent with the totality of the documentary evidence, including objective findings and observations of the [plaintiff's] ability to ambulate independently."

The plaintiff argues the ALJ erred in finding the state agency physicians' opinions persuasive because they "did not have access to all of the pertinent medical evidence at the time

their opinions were formulated," including evidence regarding the plaintiff's ankle injury and subsequent surgery. Under 20 C.F.R. § 404.1520c(c)(5), the Commissioner must consider whether new evidence received after a prior administrative medical finding makes the finding more or less persuasive. According to the plaintiff, his ankle injury impedes his ability to complete the standing requirements of light work and, due to his age and vocational profile, a sedentary RFC would have rendered him disabled.

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405 (g.); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Ripley v. Chater*, 67 F.3d 552, 553(5th Cir. 1995). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)).

Here, substantial evidence exists in the record to support the ALJ's RFC finding. The ALJ's decision notes the plaintiff's ankle injury and discusses the subsequent surgery, recovery, and rehabilitation. These records document good range of motion, well-healed incision, and instructions to wean use of the boot. While the state agency physicians did not review these records in making their determinations, the ALJ discussed them in the decision and properly compensated for the plaintiff's ankle injury by including a sit/stand option and occasional operation of foot controls with his left lower extremity in the RFC.

Consultative examiner Dr. F. Mitchell Massey limited the plaintiff to up to four hours of standing and walking; however, the ALJ explains that this limitation is unsupported by Dr. Massey's own observations of full strength in all extremities and only slight tenderness in the left

knee. The ALJ further found Dr. Massey's opinion inconsistent with radiological images noting no left knee abnormalities. There is simply no evidence that the plaintiff's ankle injury and surgery resulted in any functional limitation for which the ALJ failed to account.

Even though Dr. Kossman did not have all the medical evidence of record available when she formulated her opinion, the ALJ did not err in finding her opinion persuasive because it is consistent with and supported by the record. Moreover, the ALJ states that in formulating the RFC, she "deferred to the treating providers to the extent of finding the diagnoses of disorder of the back, commuted calcaneus fracture of left ankle (status post ORIF) and disorder of left knee severe." The ALJ assigned a light RFC "based on the [plaintiff's] surgical history and his demonstration of left lower extremity tenderness during consultative examination" and imposed additional restrictions based on objective medical findings. If the Commissioner's decision is supported by the evidence, as it is here, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

Accordingly, the Court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record. Therefore, the decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED**, this the 14th day of February, 2022.

                                              /s/ David A. Sanders
                                              **UNITED STATES MAGISTRATE JUDGE**